### No. 1038

### N. Y. C. & ST. L. RD. CO. v. NUCIFER

### No. 20160. Supreme Court

On motion to certify. Dock. Nov. 5, 1926, 4 Abs. 758.

**327. COURTS—In cases under the Federal Employer's Liability Act must the question as to whether the court was justified in submitting the case to the jury be determined by decisions of state courts and state statutes or by the controlling decisions of federal courts?**

Sam Nucifer was a section hand employed by the New York, Chicago and St. Louis Rd. Co. and while engaged in repairing a track, claimed to have been struck and injured by an engine of the company. It was alleged that the company failed to use any precaution for his protection; that the defendant company failed to exercise ordinary care and that it failed to keep a lookout from its engine as it approached the point where Nucifer was working.

The case was tried in the Huron Common Pleas, wherein a verdict was returned for Nucifer and judgment rendered in his favor. The Court of Appeals affirmed the judgment. It seems that this was the third trial between the parties, the first two having resulted in verdicts for Nucifer but having been reversed by the Court of Appeals.

It seems that Nucifer saw the engine when it was about 150 feet from him and when warned by the foreman that the engine was coming left the track; but returned thinking that the engine has stopped, and was thus injured. It is admitted that the case is within the Federal Employer's Liability Act.

The Company in the Supreme Court presents the following questions:—(1) In actions prosecuted under the Federal Employer's Liability Act in State Courts, must the question as to whether there has been sufficient evidence introduced to justify the trial court in submitting the case to the jury be determined by the statutes and decisions of the state courts, or by the controlling decisions of the Federal Courts? (2) Does the Ohio Scintilla Rule of evidence apply? (3) Does the provisions of 11577 GC. apply?

It is claimed that to entitle Nucifer to recover, he must prove some act of negligence on part of the Company subsequent to the time he left the track and got to a place of safety. This, it was claimed, he failed to do.

It is further claimed that Nucifer knew and appreciated the danger of returning to the track, for he had seen the engine, and as a matter of law, he assumed whatever risk there was by returning.

The company claims that the questions herein raised are to be determined by the controlling decisions of the Federal Courts and not by decision of State courts or by state statutes. It is further contended that the trial court allowed the case to go to the jury because there was a scintilla of evidence; and it is urged that assuming there was a scintilla, this rule is never applied in the Federal Court.

Attorneys—Parkhurst & Vickery, Bellvue, for Railroad Co.; Young & Young, Norwalk, for Nucifer.

---

### No. 1039

### McCUTHEON et v. HARIG et

### No. 20148. Supreme Court

On motion to certify. Dock. Nov. 1, 1926, 4 Abs. 727.

**301. CONTRIBUTORY NEGLIGENCE— Where ordinance, providing for guards around open elevator shaft has been violated, does contributory negligence of injured employe preclude him from recovery?**

John McCutheon was employed as an electrician by Becker & Sons, who had charge of the electrical work in a building owned by the Cincinnati Times Star Co., one of the defendants. The J. F. Harig Co. was the general contractor of the construction work. The Warner Elevator Co. was in control of the elevators which were being erected in the building.

On Nov. 30, 1924, McCutheon entered the basement of the building and fell into an open and unlighted elevator shaft and sustained injuries for which he recovered a verdict in the Hamilton Common Pleas.

The Court of Appeals reversed the judgment on the theory that the trial court erred in the construction of 6245-1 GC., erred in the general charge and also in the admission of evidence. On motion to certify in the Supreme Court, McCutheon contends:

1. That an ordinance of the city of Cincinnati providing for maintenance of proper guards and railings around an open elevator shaft was violated, such violation being the proximate cause of his injury.

2. It is claimed that 6245-1 GC. provides that injured employes are not to be charged with contributory negligence when the employer has violated any statute or law enacted for the safety of employees.

Attorneys—Hightower, O'Brien & Porter for McCutheon; Pogue, Hoffheimer & Pogue for Harig et; all of Cincinnati.